# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GARRY D. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-cv-00006-SNLJ |
| | ) |
| CITY OF SIKESTON, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Garry D. Gibbs for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). For the reasons discussed below, the Court will deny the motion.

### Background

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, naming twenty-seven separate municipalities and individuals as defendants. (Docket No. 1). In the complaint, he asserts that defendants responded to a 911 call regarding a possible chimney fire at his house. Upon arrival, plaintiff complains that certain defendants physically restrained him from re-entering his home. He also alleges that numerous firefighters conspired to use his "home as a training site," causing extensive property damage. Plaintiff claims that defendants' actions amounted to false imprisonment, assault, loss of property, negligent infliction of emotional distress, municipal liability, conspiracy, and arson. He seeks $300,000 in damages.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis, stating that he is unable to pay the filing fee. (Docket No. 2). In support of the motion, he also submitted a financial affidavit that provides additional information. (Docket No. 3).

**Discussion**

Plaintiff is a self-represented litigant who has filed a motion for leave to proceed in forma pauperis. The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court." *See* 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." *Id*. Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case").

Being granted in forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

In his motion, plaintiff states that he is employed, that his gross monthly wages are $5,780, and that his net monthly wages are $4,638.[1] (Docket No. 2 at 1). Additionally, he asserts that he

---

[1] Plaintiff states that he receives $2,890 in gross wages, and $2,319 in take-home wages, on a "bi-monthly" basis. On a monthly basis, this works out to $5,780 in gross wages, and $4,638 in take-home wages.

2

receives $578 a month as a member of the United States Army Reserves. With regard to assets, plaintiff lists a New Madrid land lot worth $2,000, a truck worth $3,000, and a motorcycle worth $1,000. Plaintiff also owns his own home. Against his assets and income, plaintiff claims approximately $2,046 a month in expenses. Plaintiff has signed his motion, which includes a declaration that the information he has provided is true under penalty of perjury.

Based on the financial information plaintiff has provided, it cannot be said that plaintiff is indigent. In other words, plaintiff's motion for leave to proceed in forma pauperis, as well as the accompanying financial affidavit, both indicate that plaintiff has the ability to pay the filing fee in this action while still allowing him to afford the basic necessities of life.

Because plaintiff does not qualify for in forma pauperis status, he is required to pay the entire filing fee before proceeding. He will be given twenty-one (21) days from the date of this order in which to make such payment. Failure to pay the full filing fee within twenty-one (21) days will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must pay the entire filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff does not pay the entire filing fee within **twenty-one (21) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 27th day of March, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE