UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARRY D. GIBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-23-cv-00006-SNLJ |
| ) | |
| CITY OF SIKESTON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on numerous motions filed by plaintiff.

**I.     Motion to Amend Complaint [Doc. 17]**

Plaintiff filed this lawsuit on January 9, 2023 alleging that his constitutional rights were violated in relation to a fire at his home. He originally named 27 defendants. Then, in an amended complaint filed on August 18, 2023, plaintiff named only 25 defendants, omitting Kim Scott and Scott County. [Doc. 12.] Now, in an untitled document dated September 7, 2023, plaintiff requests to allow him to amend his complaint to re-name Kim Scott and Scott County as defendants. The Court will treat this document as a motion to amend plaintiff's complaint. Due to a clerical error, this Court initially entered an order [Doc. 41] on September 19, 2023 denying the motion to amend because the proposed amended complaint had not been attached to the motion. The proposed amended complaint has now been added as an exhibit to plaintiff's motion to amend, and this Court thus vacates the September 19 Memorandum and Order.

1

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, parties are permitted to amend their pleadings once as a matter of course. Because plaintiff has already done so [Doc. 12], plaintiff may only amend his complaint with written consent of the other party or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). The Court is instructed to "freely give leave [to amend] when justice so requires." *Id.* In the present case, it is the judgment of the Court that justice requires that plaintiff's complaint be amended. Plaintiff's first complaint [Doc. 1] named Kim Scott and Scott County as defendants. Plaintiff's first amended complaint [Doc. 12] failed to name Kim Scott and Scott County as defendants, but the first amended complaint referred to both Kim Scott and Scott County as defendants in the body of the document. Plaintiff's proposed newly amended complaint [Doc. 17] is substantially similar to his prior amended complaint [Doc. 12]; the only substantive difference is the addition of Kim Scott and Scott County as defendants. It thus appears that plaintiff's failure to name Kim Scott and Scott County as defendants in his first amended complaint [Doc. 12] was a drafting mistake. Permitting plaintiff to amend his complaint to add Kim Scott and Scott County serves the interests of justice by putting the newly named defendants on notice of the allegations against them and rendering plaintiff's complaint more coherent.

This Court is also aware of a pending motion to dismiss filed by defendants on August 29, 2023. [Doc. 16.] That motion to dismiss relates to defendant's prior amended complaint [Doc. 12] which ordinarily would be rendered moot by the filing of a new complaint. However, because the substance of plaintiff's proposed newly amended complaint [Doc. 17] is substantially similar to his prior amended complaint [Doc. 12],

this Court will not require defendants to re-file a motion to dismiss.  In the interests of expediency and eliminating unnecessary redundancy, the Court will consider defendants' motion to dismiss as if it applied to plaintiff's newly amended complaint.

Plaintiff's motion to amend the complaint shall be granted.

**II.     Motion to Waive PACER fees [Doc. 18]**

In a motion dated August 15, 2023, plaintiff moves for a waiver of fees associated with the PACER system for searches and documents in conjunction with this case. [Doc. 18.]  In a previous order [Doc. 4], this court denied plaintiff's motion to proceed *in forma pauperis* on account of the plaintiff's financial affidavit [Doc. 3] that failed to demonstrate that plaintiff is indigent.  Given that plaintiff's motion provides no reason to believe that plaintiff's financial situation has materially changed, this court finds no reason to grant plaintiff a waiver of the fees associated with the PACER system.  Plaintiff's motion to waive PACER fees is therefore denied.

**III.    Motions for Extension of Time [Doc. 19; Doc. 20]**

Plaintiff submits two related motions for extension of time: one for an extension of time to file a response [Doc. 19], and one for an extension of time to serve all defendants [Doc. 20.].  Plaintiff moves for a 30-day extension of time to serve all defendants on the basis that some defendants have moved out of the local area, retired, or are no longer employed by the City of Sikeston, City of Miner or Scott County. [Doc. 20.]  Plaintiff also moves for a 30-day extension of time to file a response to defendants' motion to dismiss [Doc. 16], noting that not all defendants have been served. [Doc. 19.]  Though this Court has already granted plaintiff an extension of time to serve all defendants [Doc.

3

10], the Court is mindful of plaintiff's *pro se* status, the large number of defendants from multiple locations, and the compounding difficulties such conditions create.  This Court also notes that plaintiff has successfully served many of the defendants since the Court's granting of extension of time [Doc. 21–40] and that this is probative of plaintiff's willingness and ability to cooperate with the litigation process.  Consequently, the Court finds the bases for plaintiff's motions for extension of time reasonable, and accordingly will grant them.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's Memorandum and Order dated September 19, 2023 [Doc. 41] is VACATED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint [Doc.17] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Waive PACER Fees [Doc. 18] is DENIED.

**IT IS FINALLY ORDERED** that plaintiff's Motion for a 30-Day Extension of Time to File a Response [Doc. 19] and Motion for a 30-Day Extension of Time to Serve All Defendants [Doc. 20] are GRANTED.

Dated this 26th day of September, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4