UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY GIBBS., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cv-00006-SNLJ |
| CITY OF SIKESTON, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on discovery motions filed by plaintiff [Docs. 105, 107]. The motions are fully briefed. For the reasons stated below, the motions will be denied.

Plaintiff filed a motion to compel alleging he had served formal discovery requests on defendants on December 18, 2024. [Doc. 105]. Although plaintiff set forth a list of requests in his motion, he did not attach a copy of the discovery served on the defendants nor any proof that the discovery was served on the defendants. [*Id.*]. Further, he did not provide proof of his efforts to resolve any discovery issues with defense counsel as required by Local Rule 3.04.[1] [*Id.*].

---

[1] Local Rule 3.04(A) states: "The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel."

Defendants oppose the motion and maintain that plaintiff did not serve formal discovery requests on them prior to the filing of the motion to compel.  [Docs. 106, 108, 111].  In response, plaintiff concedes that he did not serve discovery requests on the City of Blodgett or the Scott County Rural Fire Protection District prior to the filing of the motion to compel.  [Doc. 110].  Instead, he states that he served discovery on those defendants by email on the same day that he filed the motion to compel.  [*Id.*].  According to the Sikeston defendants,[2] they also received the discovery requests on the day that plaintiff filed the motion to compel.  [Doc. 108].

The filing of plaintiff's motion to compel was premature and did not comply with Local Rule 3.04.  As a result, it will be denied.  Plaintiff's status as a pro se litigant does not excuse him from complying with court orders or substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984).  He should familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

Additionally, plaintiff filed a Motion for Issuance of Subpoenas seeking to serve subpoenas on the City of Sikeston, Sikeston Public Safety, Liberty Utilities, and Sikeston Municipal Utilities.  [Doc. 107].  Federal Rule of Civil Procedure 45(d)(1) requires the party or attorney responsible for issuing and serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  In that

---

[2] The Court refers to the following defendants collectively as the Sikeston defendants:  the City of Sikeston, Sikeston Department of Public Safety, Shannon Keller, Bobby Sullivan, Brant Mullin, John Nelson, Benjamin Quick, Dalton Hunsaker, Dustin Morse, Calder Odom, Matt Cotner, Ryan Troske, Jerence Dial, Evelyn Aceves, Dennis Irwin, Ryan Smith, Derick Wheetley, James Donner, Flint Dees, James McMillen, Jon Broom, Dylan Jenkins, James Whitley, Ryan Rascher, and Kim Scott.

2

regard, plaintiff must first seek to obtain information from the defendants via the discovery process. *See Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 705052 (E.D. Mo. Feb. 5, 2018) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); *Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129 at *8 (W.D. Mo. March 28, 2011) ("[W]hile non-party discovery can be undertaken, at this point in time there is no indication that plaintiffs cannot get the same or similar information from defendant."). Plaintiff filed his motion only six days after propounding formal discovery requests on the defendants. His motion is, therefore, premature and it will be denied.

Finally, defendants filed motions to dismiss the Third Amended Complaint, which are pending. Prior to a ruling on those motions, it would be premature to make a determination on the merits as to any discovery issues.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. 105] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of subpoenas [Doc. 107] is **DENIED**.

Dated this 28th day of May, 2025.

                                                              STEPHEN N. LIMBAUGH, JR.
                                                              SENIOR UNITED STATES DISTRICT JUDGE